## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

| | |
|---|---|
| TAMMIE D. SOUCY, Individually and as Personal Representative of the Estate of BRYAN SOUCY, deceased, | ) ) ) |
| | ) |
|     Plaintiffs, | ) |
| | ) CASE NO.: |
| v. | ) |
| | ) |
| BRIGGS & STRATTON CORPORATION, HARLEY DAVIDSON, INC., JOHN CRANE-HOUDAILLE, INC., KOHLER CO., POLARIS INDUSTRIES, INC., TECUMSEH PRODUCTS COMPANY, TEXTRON, INC., and TORO COMPANY, | ) ) ) ) ) ) ) |
| | ) |
|     Defendants. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, by and through their attorneys, Lanham Blackwell, P.A., allege upon information and belief as follows:

## STATEMENT OF THE CASE

1.    This is an action to recover damages for personal injuries and wrongful death sustained by Plaintiff, Tammie Soucy, individually and as administrator for the Estate of Bryan Soucy ("Plaintiff", herein), as the direct and proximate result of the wrongful conduct of Defendants BRIGGS & STRATTON CORPORATION, HARLEY DAVIDSON, INC., JOHN CRANE-HOUDAILLE INC., KOHLER CO., POLARIS INDUSTRIES, INC., TECUMSEH PRODUCTS COMPANY, TEXTRON, INC., and TORO COMPANY in causing Decedent Bryan Soucy to be exposed to asbestos.

## STATEMENT OF PARTIES

1

2.      Tammie Soucy is the administrator for litigation purposes of the Estate of Bryan Soucy, deceased, and as such is empowered to ensure Decedent's rights and actions pursuant to 18-A M.R.S. § 2-804, commonly referred to as the Maine Wrongful Death Act.

3.      Tammie Soucy is the surviving spouse and next-of-kin of Decedent, Bryan Soucy, and resides at 55 Robinson Road, Blaine, ME. Tammie Soucy is a statutorily defined beneficiary pursuant to the Wrongful Death Act.

4.      Decedent, Bryan Soucy, resided at 55 Robinson Road, Blaine, ME, prior to his death.

5.      Defendant, Briggs & Stratton Corporation is a Wisconsin corporation, with its headquarters in Milwaukee, Wisconsin.

6.      Defendant, Harley Davidson, Inc. is a Wisconsin corporation, with its headquarters in Milwaukee, Wisconsin.

7.      Defendant, John Crane-Houdaille Inc. is an Illinois Corporation with its principle place of business in Chicago, Illinois.

8.      Defendant, Kohler Co., is a Wisconsin corporation, headquartered in Kohler, Wisconsin.

9.      Defendant, Polaris Industries, Inc. is a Minnesota corporation, headquartered in Medina, Minnesota.

10.     Defendant, Tecumseh Products Company, is a Michigan Corporation with its headquarters in Ann Arbor, Michigan.

11.     Defendant, Textron, Inc. is a Delaware corporation, headquartered in Providence, Rhode Island.

12.     Defendant, Toro Company is a Delaware corporation, with its principle place of

business in Bloomington, Minnesota.

## JURISDICTION AND VENUE

13.     The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332. There exists complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

14.     Venue is proper in this District pursuant to 24 U.S.C. § 1391(a)(2), because a substantial part of the events or omissions giving rise to the claim occurred in Maine.

15.     This action is filed in Bangor, pursuant to District of Maine Local Rule 3(b), because the case arose in Aroostook County.

16.     Plaintiff's recovery herein is predicated upon the substantive law of the State of Maine or such law as the Court holds to be applicable.

## FACTUAL ALLEGATIONS

17.     From 1978 to 1989, Decedent Bryan Soucy, worked as a mechanic for Bob's Tune Up in Caribou, ME. As part of his job responsibilities and while performing similar work at home, Bryan Soucy made repairs to small engines and other equipment including, but not limited to, lawn mowers, tillers, snow blowers, golf carts, snow-mobiles and ATVs. This work involved, among other things, working with and around parts and components of said engines and equipment including, but not limited to friction materials, brakes and gaskets.

18.     During the above-described employment and work, Decedent Bryan Soucy was exposed to, inhaled, ingested and otherwise absorbed asbestos fibers emanating from various sources including, but not limited to, said brakes, friction materials, gaskets and other small engine components.

19.     Defendants and each of them herein at all times pertinent directly or indirectly

3

designed, manufactured, distributed, sold, licensed, and/or leased small engines and equipment with which Decedent Bryan Soucy worked with and around, and which specified and included asbestos-containing parts and components.

20.     Defendants and each of them knew or should have known, based upon the design of their engines and equipment, that the same would require regular repair, maintenance and servicing in the ordinary course of their use, and individuals performing such repair, maintenance and servicing would necessarily remove, replace, install and/or encounter the asbestos-containing components.

21.     Defendants and each of them issued, provided and disseminated specifications, parts catalogues, service manuals, bulletins and like publications that gave instructions and directions for repairing, servicing and maintaining their respective engines and equipment. Defendants and each of them intended and foresaw that individuals similarly situated to Decedent Bryan Soucy would utilize and/or rely upon said publications in repairing, servicing and maintaining Defendants' respective engines and equipment. Decedent Bryan Soucy utilized and/or relied upon said publications in performing the work herein described.

22.     Defendants and each of them otherwise provided training and instruction for repairing, servicing and maintaining their respective engines and equipment. Defendants and each of them intended and foresaw that individuals similarly situated to Decedent Bryan Soucy would utilize and/or rely upon said training and instruction in repairing, servicing and maintaining Defendants' respective engines and equipment. Decedent Bryan Soucy received such training and instruction and utilized and/or relied upon the same in performing the work herein described.

23.     Defendants and each of them specified, manufactured, sold and distributed

4

asbestos-containing replacement / aftermarket parts and components, which Decedent Bryan Soucy used to perform portions of the work described herein.

24.    At all times herein set forth, the Defendants' products were being employed in the manner and for the purposes for which they were intended.

25.    Bryan Soucy's exposure to and inhalation, ingestion or absorption of the asbestos fibers during the course of the employment and work herein described was completely foreseeable and could or should have been anticipated by the Defendants and each of them. Defendants and each of them knew or should have known that the asbestos fibers to which Decedent Bryan Soucy was foreseeably exposed had a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them.

26.     As a direct and proximate result of his exposure to asbestos during the course of the employment and work herein described, Decedent Bryan Soucy contracted an asbestos-related disease(s), including but not limited to, mesothelioma, which disease ultimately caused his death. Bryan Soucy first became aware that he suffered from said disease(s) on or about March 21, 2011, and, subsequently thereto, became aware that the same was wrongfully caused.

27.    As a result of his developing mesothelioma and prior to his death, Bryan Soucy endured great physical pain and suffering, mental anguish and emotional pain and suffering.

28.     As a result of his developing mesothelioma, Bryan Soucy was required to receive and received medical treatment to mitigate his asbestos related disease, incurring reasonable and necessary costs for medical care, diagnosis and treatment. Said disease and Bryan Soucy's death also hindered and prevented  him from pursing his  normal course of employment, thereby losing large sums of money which otherwise would have accrued to him and his heirs and estate. Decedent's estate was caused to incur the costs of his funeral and burial.

5

29.     Decedent Bryan Soucy is survived by his wife, Tammie Soucy, plaintiff herein. As a result of defendants' wrongful conduct which caused Decedent Bryan Soucy's asbestos related mesothelioma, Tammie Soucy has and will continue in the future to suffer a loss of society, together with related mental anguish and grief, and all other damages as recoverable under the Maine Wrongful Death Act.

## COUNT I

## NEGLIGENCE-Survival Action

30.     The allegations in paragraphs One (1) through Twenty-six (26) are realleged and incorporated by reference within this Count.

31.     At all times herein relevant, the Defendants had a duty to exercise reasonable care and caution for the safety of Decedent Bryan Soucy and others working with and around the engines and equipment of the Defendants and the parts and components there-of, including replacement and aftermarket components.

32.     The Defendants were negligent in that they failed to exercise ordinary care and caution for the safety of Decedent Bryan Soucy in one or more of the following respects:

      a.    Designing and manufacturing their engines and equipment with parts and components which contained a toxic and disease causing material, namely asbestos;

      b.    Selling and distributing their engines and equipment with parts and components which contained a toxic and disease causing material, namely asbestos;

      c.    Specifying, recommending, encouraging and/or otherwise facilitating the utilization of replacement parts and components which contained a toxic and disease causing material, namely asbestos;

      d.    Selling and distributing asbestos-containing replacement parts and

6

components which contained a toxic and disease causing material, namely asbestos;

e.   Providing publications, training, and instructions that directed individuals to encounter and manipulate asbestos-containing parts and components in their engines and equipment in ways that would cause said individuals to be exposed to asbestos;

f.   Providing publications, training, and instructions that directed individuals to encounter and manipulate asbestos-containing parts and components in their engines and equipment without including an adequate warning and/or adequate instruction as to safer methods for handling, manipulating and/or working with said asbestos-containing parts and components;

g.   Failing otherwise to provide any or adequate warnings to persons working with and around their equipment and engines of the dangers of inhaling, ingesting or otherwise absorbing the asbestos fibers said individuals would encounter;

h.   Failing otherwise to provide any or adequate instructions concerning safer methods of working with and around asbestos-containing materials, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing the asbestos fibers in them; and,

i.   Failing to conduct tests in order to determine the hazards to which workers such as Bryan Soucy might be exposed while working with Defendants' respective engines and equipment.

33.   As a direct and proximate result of one or more of the foregoing negligent acts or omissions on the part of the Defendants and each of them, Decedent Bryan Soucy was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing Decedent Bryan Soucy to develop the aforesaid asbestos disease and thereby suffer the injuries and damages set forth in Paragraph 26 above.

## COUNT II

## NEGLIGENCE-Wrongful Death

34.   The allegations in Paragraphs One (1) through Twenty-five (25), Twenty-seven

7

(27) and Twenty-eight (28) are realleged and incorporated by reference within this Count.

35.     At all times herein relevant, the Defendants had a duty to exercise reasonable care and caution for the safety of Decedent Bryan Soucy and others working with and around the engines and equipment of the Defendants and the parts and components thereof, including replacement and aftermarket components.

36.     The Defendants were negligent in that they failed to exercise ordinary care and caution for the safety of Decedent Bryan Soucy in one or more of the following respects:

    a.   Designing and manufacturing their engines and equipment with parts and components which contained a toxic and disease causing material, namely asbestos;

    b.   Selling and distributing their engines and equipment with parts and components which contained a toxic and disease causing material, namely asbestos;

    c.   Specifying, recommending, encouraging and/or otherwise facilitating the utilization of replacement parts and components which contained a toxic and disease causing material, namely asbestos;

    d.   Selling and distributing asbestos-containing replacement parts and components which contained a toxic and disease causing material, namely asbestos;

    e.   Providing publications, training, and instructions that directed individuals to encounter and manipulate asbestos-containing parts and components in their engines and equipment in ways that would cause said individuals to be exposed to asbestos;

    f.   Providing publications, training, and instructions that directed individuals to encounter and manipulate asbestos-containing parts and components in their engines and equipment without including an adequate warning and/or adequate instruction as to safer methods for handling, manipulating and/or working with said asbestos-containing parts and components;

    g.   Failing otherwise to provide any or adequate warnings to persons working with and around their equipment and engines of the

dangers of inhaling, ingesting or otherwise absorbing the asbestos fibers said individuals would encounter;

h.      Failing otherwise to provide any or adequate instructions concerning safer methods of working with and around asbestos-containing materials, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing the asbestos fibers in them; and,

i.      Failing to conduct tests in order to determine the hazards to which workers such as Bryan Soucy might be exposed while working with Defendants' respective engines and equipment.

37.    As a direct and proximate result of one or more of the foregoing negligent acts or omissions on the part of the Defendants and each of them, Decedent Bryan Soucy  was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing Decedent Bryan Soucy to develop the aforesaid asbestos disease. As  a  further result thereof, Decedent, his estate  and his surviving spouse were caused to suffer the injuries and damages set forth in  Paragraphs 27 and 28 above.

## COUNT III

## WILLFUL AND WANTON MISCONDUCT—Survival Action

38.    The allegations in paragraphs One (1) through Twenty-six (26) are realleged and incorporated by reference within this Count.

39.    The Defendants and each of them had a duty to refrain from willful and wanton acts or omissions which would harm Bryan Soucy and others similarly situated.

40.    Defendants are guilty of one or more of the following acts or omissions amounting to willful and wanton misconduct:

a.      Intentionally or with reckless disregard for the safety of Bryan Soucy and others similarly situated, designed and manufactured their engines and equipment with parts and components which contained a toxic and disease causing material, namely asbestos;

b.      Intentionally or with reckless disregard for the safety of Bryan Soucy and others similarly situated, sold and distributed their engines and equipment with parts and components which contained a toxic and disease causing material, namely asbestos;

c.      Intentionally or with reckless disregard for the safety of Bryan Soucy and others similarly situated, specified, recommended, encouraged and/or otherwise facilitated the utilization of replacement parts and components which contained a toxic and disease causing material, namely asbestos;

d.      Intentionally or with reckless disregard for the safety of Bryan Soucy and others similarly situated, sold and distributed asbestos-containing replacement parts and components which contained a toxic and disease causing material, namely asbestos;

e.      Intentionally or with reckless disregard for the safety of Bryan Soucy and others similarly situated, provided publications, training, and instructions that directed individuals to encounter and manipulate asbestos-containing parts and components in their engines and equipment in ways that would cause said individuals to be exposed to asbestos;

f.      Intentionally or with reckless disregard for the safety of Bryan Soucy and others similarly situated, provided publications, training, and instructions that directed individuals to encounter and manipulate asbestos-containing parts and components in their engines and equipment without including an adequate warning and/or adequate instruction as to safer methods for handling, manipulating and/or working with said asbestos-containing parts and components;

g.      Intentionally or with reckless disregard for the safety of Bryan Soucy and others similarly situated, failed and omitted otherwise to provide any or adequate warnings to persons working with and around their equipment and engines of the dangers of inhaling, ingesting or otherwise absorbing the asbestos fibers said individuals would encounter;

h.      Intentionally or with reckless disregard for the safety of Bryan Soucy and others similarly situated, failed and omitted otherwise to provide any or adequate instructions concerning safer methods of working with and around asbestos-containing materials, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing the asbestos fibers in them; and,

10

      i.     Intentionally or with reckless disregard for the safety of Bryan Soucy and others similarly situated, failed and omitted to conduct tests in order to determine the hazards to which workers such as Bryan Soucy might be exposed while working with Defendants' respective engines and equipment.

41.     As a direct and proximate result of one or more of the foregoing willful / wanton acts or omissions on the part of the Defendants and each of them, Decedent Bryan Soucy was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing Decedent Bryan Soucy to develop the aforesaid asbestos disease and thereby suffer the injuries and damages set forth in Paragraph 26 above.

42.     In addition to compensatory damages, an award of punitive damages is appropriate and necessary in order to punish each Defendant for its respective willful, wanton, intentional and/or reckless misconduct and to deter each Defendant and others similarly situated from engaging in like misconduct in the future.

## COUNT IV

## WILLFUL AND WANTON MISCONDUCT—Wrongful Death

43.     The allegations in paragraphs One (1) through Twenty-five (25), Twenty-seven (27) and Twenty-eight (28) are realleged and incorporated by reference within this Count.

44.     The Defendants and each of them had a duty to refrain from willful and wanton acts or omissions which would harm Bryan Soucy and others similarly situated.

45.     Defendants are guilty of one or more of the following acts or omissions amounting to willful and wanton misconduct:

11

a.     Intentionally or with reckless disregard for the safety of Bryan Soucy and others similarly situated, designed and manufactured their engines and equipment with parts and components which contained a toxic and disease causing material, namely asbestos;

b.     Intentionally or with reckless disregard for the safety of Bryan Soucy and others similarly situated, sold and distributed their engines and equipment with parts and components which contained a toxic and disease causing material, namely asbestos;

c.     Intentionally or with reckless disregard for the safety of Bryan Soucy and others similarly situated, specified, recommended, encouraged and/or otherwise facilitated the utilization of replacement parts and components which contained a toxic and disease causing material, namely asbestos;

d.     Intentionally or with reckless disregard for the safety of Bryan Soucy and others similarly situated, sold and distributed asbestos-containing replacement parts and components which contained a toxic and disease causing material, namely asbestos;

e.     Intentionally or with reckless disregard for the safety of Bryan Soucy and others similarly situated, provided publications, training, and instructions that directed individuals to encounter and manipulate asbestos-containing parts and components in their engines and equipment in ways that would cause said individuals to be exposed to asbestos;

f.     Intentionally or with reckless disregard for the safety of Bryan Soucy and others similarly situated, provided publications, training, and instructions that directed individuals to encounter and manipulate asbestos-containing parts and components in their engines and equipment without including an adequate warning and/or adequate instruction as to safer methods for handling, manipulating and/or working with said asbestos-containing parts and components;

g.     Intentionally or with reckless disregard for the safety of Bryan Soucy and others similarly situated, failed and omitted otherwise to provide any or adequate warnings to persons working with and around their equipment and engines of the dangers of inhaling, ingesting or otherwise absorbing the asbestos fibers said individuals would encounter;

h.     Intentionally or with reckless disregard for the safety of Bryan

12

Soucy and others similarly situated, failed and omitted otherwise to provide any or adequate instructions concerning safer methods of working with and around asbestos-containing materials, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing the asbestos fibers in them; and,

i.  Intentionally or with reckless disregard for the safety of Bryan Soucy and others similarly situated, failed and omitted to conduct tests in order to determine the hazards to which workers such as Bryan Soucy might be exposed while working with Defendants' respective engines and equipment.

46.    As a direct and proximate result of one or more of the foregoing negligent acts or omissions on the part of the Defendants and each of them, Decedent Bryan Soucy was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing Decedent Bryan Soucy to develop the aforesaid asbestos disease. As a further result thereof, Decedent, his estate and his surviving spouse were caused to suffer the injuries and damages set forth in Paragraphs 27, 28 and 29 above.

47.    In addition to compensatory damages, an award of punitive damages is appropriate and necessary in order to punish each Defendant for its respective willful, wanton, intentional and/or reckless misconduct and to deter each Defendant and others similarly situated from engaging in like misconduct in the future.

## COUNT V

## STRICT LIABILITY-Survival Action

48.    The allegations in paragraphs One (1) through Twenty-six (26) are realleged and incorporated by reference within this Count.

49. At the time Defendants and each of them manufactured, sold and distributed said engines and equipment the same were in a defective condition and were unreasonably dangerous in that:

a. Said engines and equipment incorporated parts and components which contained a toxic and disease causing material, namely asbestos;

b. Said engines and equipment were designed to utilize asbestos-containing parts and components that would require being regularly removed and replaced;

c. Said engines and equipment were accompanied by parts lists, service manuals and repair manuals, which were an integral part of the overall product and which directed end-users to manipulate and handle asbestos-containing parts and components in dangerous and unsafe ways;

d. Said engines and equipment were accompanied by parts lists, service manuals and repair manuals, which were an integral part of the overall product and which directed and/or suggested to end-users that they use compatible asbestos-containing replacement parts and components without providing adequate warnings and/or adequate instructions;

e. Said engines and equipment were not accompanied by any warning/instructions or by adequate warning/ instructions advising of the danger of exposure to asbestos or of precautions to be employed in the use of asbestos-containing materials; and/or

f. Said engines and equipment were not accompanied by any warning/instructions or by adequate warning/ instructions advising of the danger of exposure to asbestos or of precautions to be employed in the use of asbestos-containing materials, when it was both foreseeable and intended that such materials would be used in conjunction with said engines and equipment.

50. The asbestos-containing brakes, friction materials, gaskets and other asbestos-containing parts and components including, but not limited to, replacement and aftermarket

14

items, which were manufactured, sold and distributed by Defendants and each of them were also

and additionally defective in that:

     a.    Said items contained a toxic and disease causing material, namely asbestos; and/or,

     b.    Said engines and equipment were not accompanied by any warning/instructions or by adequate warning/ instructions advising of the danger of exposure to asbestos or of precautions to be employed in the use of asbestos-containing materials.

     51.    All of the above said products reached the point of Decedent Bryan Soucy's

exposure in substantially the same condition as when manufactured, distributed and sold.

     52.    At all times relevant hereto, all of the above said products were used in the

manner and environment intended, and in a manner reasonably foreseeable and anticipated by

Defendants and each of them.

     53.    Defendants and each of them are strictly liable to Decedent Bryan Soucy, his

estate and surviving spouse for all injuries and damages which were contracted as a direct and

proximate result of his exposure to asbestos caused by the above said defects.

     54.    As a direct and proximate result of one or more of the foregoing defects in the

products of the Defendants and each of them, Decedent Bryan Soucy was exposed to and

inhaled, ingested or otherwise absorbed asbestos fibers causing Decedent Bryan Soucy to

develop the aforesaid asbestos disease and thereby suffer the injuries and damages set forth in

Paragraph 26 above.

## COUNT VI

## STRICT LIABILITY-Wrongful Death

     55.    The allegations in paragraphs One (1) through Twenty-five (25), Twenty-seven

(27) and Twenty-eight (28) are realleged and incorporated by reference within this Count.

56. At the time Defendants and each of them manufactured, sold and distributed said engines and equipment the same were in a defective condition and were unreasonably dangerous in that:

a. Said engines and equipment incorporated parts and components which contained a toxic and disease causing material, namely asbestos;

b. Said engines and equipment were designed to utilize asbestos-containing parts and components that would require being regularly removed and replaced;

c. Said engines and equipment were accompanied by parts lists, service manuals and repair manuals, which were an integral part of the overall product and which directed end-users to manipulate and handle asbestos-containing parts and components in dangerous and unsafe ways;

d. Said engines and equipment were accompanied by parts lists, service manuals and repair manuals, which were an integral part of the overall product and which directed and/or suggested to end-users that they use compatible asbestos-containing replacement parts and components without providing adequate warnings and/or adequate instructions;

e. Said engines and equipment were not accompanied by any warning/instructions or by adequate warning/ instructions advising of the danger of exposure to asbestos or of precautions to be employed in the use of asbestos-containing materials; and/or

f. Said engines and equipment were not accompanied by any warning/instructions or by adequate warning/ instructions advising of the danger of exposure to asbestos or of precautions to be employed in the use of asbestos-containing materials, when it was both foreseeable and intended that such materials would be used in conjunction with said engines and equipment.

57. The asbestos-containing brakes, friction materials, gaskets and other asbestos-containing parts and components including, but not limited to, replacement and aftermarket

16

items, which were manufactured, sold and distributed by Defendants and each of them were also

and additionally defective in that:

    a.    Said items contained a toxic and disease causing material, namely asbestos; and/or,

    b.    Said engines and equipment were not accompanied by any warning/instructions or by adequate warning/ instructions advising of the danger of exposure to asbestos or of precautions to be employed in the use of asbestos-containing materials.

58.    All of the above said products reached the point of Decedent Bryan Soucy's

exposure in substantially the same condition as when manufactured, distributed and sold.

59.    At all times relevant hereto, all of the above said products were used in the

manner and environment intended, and in a manner reasonably foreseeable and anticipated by

Defendants and each of them.

60.    Defendants and each of them are strictly liable to Decedent Bryan Soucy, his

estate and surviving spouse for all injuries and damages which were contracted as a direct and

proximate result of his exposure to asbestos caused by the above said defects.

61.    As a direct and proximate result of one or more of the foregoing defects in the

products of the Defendants and each of them, Decedent Bryan Soucy was exposed to and

inhaled, ingested or otherwise absorbed asbestos fibers causing Decedent Bryan Soucy to

develop the aforesaid asbestos disease. As a further result  thereof, Decedent, his estate and his

surviving spouse were caused to suffer the injuries and damages set forth in Paragraphs 27 and

28 above.

**PRAYER FOR RELIEF**

17

WHEREFORE, as a proximate and direct result of Defendants' illegal acts, omissions and defective products described herein, Plaintiff seeks judgment and relief from Defendants, including, but not limited to the following:

A.   Compensatory damages as allowed by law;

B.   Punitive and exemplary damages as allowed by law;

C.   Incidental and consequential damages as allowed by law;

D.   Attorneys' fees and costs as allowed by law; and

E.   Any other relief to which the Court finds Plaintiff entitled.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable in this civil action.

Dated: March 6, 2013

/s/ Samuel W. Lanham, Jr.
Samuel W. Lanham, Jr., Esq. Bar #2258
Brett D. Baber, Esq.  Bar #3143
Attorneys for Plaintiff
LANHAM BLACKWELL, P.A.
133 Broadway
Bangor,  ME  04401
Phone: (207) 942-2898